Radar Units — Claims — Court Funds Unappropriated surplus court funds which were in existence on May 17, 1968, and have not yet been spent for radar and radio units for traffic law enforcement in conformation with the provisions of 62 O.S. 338 [62-338] (1961). Radar and radio units for traffic law enforcement may not be purchased with money from the new court fund. The Attorney General has had under consideration your letter wherein you state: "For some time in Lincoln County is has been the custom of the Board of County Commissioners acting with the trustees of the Court Fund to purchase radar and radio units for traffic law enforcement under the authority found in 62 O.S. 338 [62-338]. It is our understanding that this specific statute has now been repealed. Until June 1, 1968, the Court Fund of Lincoln County contained an unappropriated surplus in the amount of $4,400." You then ask the following questions: "In light of 20 O.S. 1309 [20-1309], which was effective May 17, 1968, this office desires an answer as to whether or not at this time a radar unit to be used by the Oklahoma Highway Patrol for traffic law enforcement within the confines of Lincoln County may be purchased by the Court Fund? "Disregarding 62 O.S. 338 [62-338] and 20 O.S. 1309 [20-1309], this office desires an answer as to whether or not under the present court fund system, radar and radio units for traffic law enforcement may be purchased through the Court Fund?" The following are relevant to your inquiry. Title 20 O.S. 1304 [20-1304] (1968) states in relevant part: "Claims against the Court Fund shall include only such expenses as may be lawfully incurred incident to the operation of the court in said County, and are approved by the governing board of the Court Fund or a majority thereof. The term 'expenses' shall include . . . fees of jurors and witnesses, per diem of bailiffs, office supplies, furniture fixtures and equipment and the maintenance thereof, for the judge's chambers, the courtroom, the clerk's office, other areas primarily used for judicial functions, and the law library only, judicial robes, printing, the publication of the court dockets in a daily newspaper qualified to publish legal notices in the county, books for records, postage, attorney's fees for paupers, transcripts ordered by the court, part-time help, special services in instances hereafter authorized by law, and redecoration of the courtroom, the judge's chambers and the clerk's office; . . . ." Title 20 O.S. 1309 [20-1309] (1968): "Unappropriated surplus Court Funds in existence on the effective date of this Act may be expended for any or all purposes which were legal under the Statutes of Oklahoma prior to the date this Act is signed into law." These statutes relating to the new court fund became effective on May 17, 1968. Title 62 O.S. 338 [62-338] (1961), which was effective until May 17, 1968, when it was repealed by O.S.L. 1968, ch. 412, Section 20, stated: "In addition to all other items which are now or may hereafter be authorized to be paid from the Court Fund, the Board of County Commissioners in any county in this State may, upon authorization and approval by the District Judge, County Judge, and County Attorney, or a majority thereof, purchase radar and/or radio units to be used for traffic law enforcement in the county. Said radar and/or radio units may be used jointly by the sheriff, and other law enforcement officers; provided, however, that such units must be used exclusively within the county where so purchased." Therefore, it is the opinion of the Attorney General that your first question be answered as follows. Unappropriated surplus court funds which were in existence on May 17, 1968, and have not yet been spent, may be spent for radar and radio units for traffic law enforcement in conformation with the provisions of 62 O.S. 338 [62-338] (1961). Section 1304 of the new court fund act defines those expenses which may be lawfully paid out of the new court fund. Radar and radio units for traffic law enforcement are not included as a lawful expenditure. We find no other authority to purchase this equipment from the new court fund. Therefore, it is the opinion of the Attorney General that such equipment may not be purchased with money from the new court fund. (Prudence Little) ** SEE: OPINION NO. 69-209 (1969) ** ** SEE: OPINION NO. 69-310 (1969) ** ** SEE: OPINION NO. 69-209 (1969) **